# EXHIBIT A

FILED DATE: 3/22/2023 2:49 PM 2023L066019

FILED
3/22/2023 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
21978026

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**DISTRICT 6 – MARKHAM – LAW DIVISION**

| | |
|---|---|
| SCOTT ALLEN MILLER and TINA MILLER | |
| Plaintiffs, | |
| v. | Case No. |
| RUSH UNIVERSITY MEDICAL CENTER, DR. HAREL DEUTSCH, DR. ANTHONY M. ALVARADO, ZIMMER US, INC., ZIMMER BIOMET SPINE, INC., and ZIMMER BIOMET HOLDINGS, INC. | |
| Defendants. | |

## COMPLAINT AT LAW

NOW COMES the Plaintiffs, SCOTT A. MILLER and TINA MILLER, by and through their attorney, Kent D. Sinson of Sinson Law Group and complaining of the Defendants, HAREL DEUTSCH, M.D., DR. ANTHONY ALVARADO, RUSH UNIVERSITY MEDICAL CENTER, ZIMMER US INC., ZIMMER BIOMET SPINE, INC., ZIMMER BIOMET HOLDINGS, INC. alleges as follows:

### FACTS COMMON TO ALL COUNTS

1.     At all times relevant, Plaintiffs, SCOTT A. MILLER and TINA MILLER, resided in Portage, Indiana.

2.     On September 13, 2022, and at all material times herein, HAREL DEUTSCH, M.D., was a physician licensed to practice medicine in the State of Illinois specializing in neurological surgery. At all times relevant, HAREL DEUTSCH resided in Chicago, Illinois.

SINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

1

FILED DATE: 3/22/2023 2:49 PM    2023L066019

3.     On September 13, 2022, and at all material times herein, HAREL DEUTSCH, M.D., and ANTHONY M. ALVARDO was the apparent agent, servant, and/or employee of RUSH UNIVERSITY MEDICAL CENTER.

4.     On September 13, 2022, and at all material times herein, RUSH UNIVERSITY MEDICAL CENTER was licensed and accredited hospital in the city of Chicago, state of Illinois providing hospital services to its patients. Rush's registered agent is Carl Bergetz, 1700 W. Van Buren St., Suite 301, Chicago, IL 60612.

5.     RUSH UNIVERSITY MEDICAL CENTER is a provider of neurological services in the Midwest region.

6.     ANTHONY M. ALVARADO is a physician licensed to practice medicine in the state of Illinois specializing in neurological surgery. At all times relevant, ANTHONY M. ALVARADO resided in Chicago, Illinois.

7.     Defendant ZIMMER US, INC. is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and authorized to transact and transacting the business of a designer and manufacturer of medical-implant devices for use in Illinois, among other states, and whose headquarters were and are located at 345 East Main Street, Warsaw, Indiana 46580. Illinois Registered Agent is Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

8.     Defendant ZIMMER BIOMET HOLDINGS, INC. is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and authorized to transact and transacting the business of a designer and manufacturer of medical-implant devices for use in Illinois among other states, and whose headquarters were and are located at 345 East Main Street, Warsaw, Indiana 46850.

SINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

2

FILED DATE: 3/22/2023 2:49 PM    2023L066019

9.     Defendant ZIMMER BIOMET SPINE, INC. is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and authorized to transact and transacting the business of a designer and manufacturer of medical-implant devices for use in Illinois, among other states, and whose headquarters were and are located at 345 East Main Street, Warsaw, Indiana 46580. Illinois Registered Agent is Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

10.    On September 13, 2022, and at all material times herein HAREL DEUTSCH, M.D., ANTHONY M. ALVARDO, M.D. performed surgery at RUSH UNIVERSITY MEDICAL CENTER as a part of their employment by RUSH UNIVERSITY MEDICAL CENTER. For said Surgery, Dr. Deutsch was the "surgeon" and Dr. Alvardo was his "assistant". As such during the surgery Dr. Alvardo was subject to Dr. Deutsch's control and supervision.

11.    Plaintiff, SCOTT A. MILLER, relied upon the advertising of RUSH UNIVERSITY MEDICAL CENTER in deciding to come to RUSH UNIVERSITY MEDICAL CENTER for medical care despite residing in Indiana.

12.    On July 18, 2022 Scott Allen Miller presented to Rush University Medical Center and Dr. Harel Deutsch with neck and arm pain since a 2020 motor vehicle accident. The MRI imaging studies showed a large C5/6 disc herniation and bilateral foraminal narrowing at C6/7. EMG study showed chronic radiculopathy. It was recommended by Dr. Deutsch that Scott Allen Miller have a C5/6 and C6/7 cervical disc replacement. Plaintiff was scheduled for outpatient artificial cervical disc replacement C5/6 and C6/7 on September 13, 2022 at Rush University Medical Center.

13.    On September 13, 2022 Scott Allen Miller drove himself from his home in Portage, Indiana to Rush University Medical Center in Chicago for his scheduled surgery with Dr. Harel Deutsch. On that date, Scott Allen Miller underwent anterior cervical disc replacement at C5-6 and C6-7. On that date surgeon Harel Deutsch used trial Implant Holder and trial implants included in the

SINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

3

Mobi-C instrument set during surgery to place the Mobi-C disc in plaintiff Scott Allen Miller. Dr. John Doe performed anesthesia and Dr. Jane Doe performed intraoperative neuromonitoring during the procedure.

14.     Upon emerging from surgery Scott Allen Miller had "no movement in his legs."

### COUNT I

### NEGLIGENCE
**Scott Allen Miller v. Dr. Harel Deutsch and Dr. Anthony M. Alvardo**

1-14. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 9 of this Complaint as if fully set forth herein

15.     On September 13, 2022, and at all material times herein, HAREL DEUTSCH, M.D. and/or DR. ANTHONY M. ALVARDO was negligent in one or more of the following respects:

a)      Caused permanent injury to Scott Allen Miller spinal cord.

16.     As a direct and proximate result of the foregoing negligent acts or omissions of HAREL DEUTSCH, M.D., Plaintiff SCOTT A. MILLER suffered injuries of a personal and pecuniary nature, including but not limited to, paraplegia.

17.     Pursuant to section 2-622 of the Illinois Code of Civil Procedure, an Attorney Affidavit is attached hereto as Exhibit A. Specifically, pursuant to 735 ILCS 5/2-622 requests were made by Plaintiff and has attorney for examination and copying of the records pursuant to Part 20 of Article VIII of the Civil Practice Act (see Count X) (Exhibit B). Rush University Medical Center has failed to produce such records within 60 days of the receipt of the request. Therefore, the certificate and written report required by 735 ILCS 5/2-622(a)(1) shall be filed within 90 days following receipt of the requested records.

4

FILED DATE: 3/22/2023 2:49 PM   2023L066019

;INSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

WHEREFORE, Plaintiffs, SCOTT A. MILLER, demands judgment against defendant, HAREL DEUTSCH, M.D., for a sum in excess of the jurisdictional limit.

## COUNT II

### LOSS OF CONSORTIUM
### Tina Miller v. Dr. Harel Deutsch and Dr. Anthony M. Alvardo

1-14. Plaintiff's re-allege and incorporate herein by reference paragraphs 1 through 12 of Count I of this Complaint as if fully set forth herein.

18.     Plaintiff, TINA MILLER, is now and was at all times relevant hereto the lawfully wedded wife of Plaintiff, SCOTT A. MILLER.

19.     Plaintiff, TINA MILLER, because of the aforesaid injuries to her husband and as a direct and proximate result of the acts of negligence of the Defendant, has suffered a loss of services, support, affection, society, companionship and consortium of her husband.

WHEREFORE, Plaintiffs, TINA MILLER, demands judgment against Defendant, HAREL DEUTSCH, M.D. and DR. ANTHONY M. ALVARDO for a sum in excess of the jurisdictional limit.

## COUNT III

### NEGLIGENCE
### Scott Allen Miller v. Rush University Medical Center

1-14. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 14 of this Complaint as if fully set forth herein.

20.     On September 13, 2022, and at all material times herein, RUSH UNIVERSITY MEDICAL CENTER, by and through the actions of its apparent agent, servant, and/or employee HAREL DEUTSCH, M.D. and/or DR. ANTHONY M. ALVARDO was negligent in the following respect:

5

FILED DATE: 3/22/2023 2:49 PM   2023L066019

a)        Caused permanent injury to Scott Allen Miller's spinal cord.

21.      As a direct and proximate result of the foregoing negligent acts or omissions of RUSH UNIVERSITY MEDICAL CENTER., Plaintiff SCOTT A. MILLER suffered injuries of a personal and pecuniary nature, including but not limited to, paraplegia.

22.      Pursuant to section 2-622 of the Illinois Code of Civil Procedure, an Attorney Affidavit is attached hereto as Exhibit A. Specifically, pursuant to 735 ILCS 5/2-622 requests were made by Plaintiff and his attorney for examination and copying of the records pursuant to Part 20 of Article VIII of the Civil Practice Act (see Count X) (Exhibit B). Rush University Medical Center has failed to produce such records within 60 days of the receipt of the request. Therefore, the certificate and written report required by 735 ILCS 5/2-622(a)(1) shall be filed within 90 days following receipt of the requested records.

WHEREFORE, Plaintiffs SCOTT A. MILLER, demands judgment against Defendant, RUSH UNIVERSITY MEDICAL CENTER., for a sum in excess of the jurisdictional limit.

## **COUNT IV**

### **LOSS OF CONSORTIUM**
### **Tina Miller v. Rush University Medical Center**

15.      Plaintiff re-allege and incorporate herein by reference paragraphs 1 through 15 of this Complaint as if fully set forth herein.

16.      Plaintiff, TINA MILLER, is now and was at all times relevant hereto the lawfully wedded wife of Plaintiff, SCOTT A. MILLER.

ᏚᎥɴꜱᴏɴ Lᴀᴡ Gʀᴏᴜᴘ
ATTORNEYS AT LAW
CHICAGO

17.      Plaintiff, TINA MILLER, because of the aforesaid injuries to her husband and as a direct and proximate result of the acts of negligence of the Defendant, has suffered a loss of services, support, affection, society, companionship, and consortium of her husband.

WHEREFORE, Plaintiff, TINA MILLER, demands judgment against Defendant, RUSH UNIVERSITY MDEICAL CENTER, for a sum in excess of the jurisdictional limit.

### COUNT V and VI
**Scott Allen Miller v. Zimmer US Inc., Zimmer Biomet Spine, Inc. and Zimmer Biomet Holdings, Inc.**

18. DEFENDANTS sold the Mobi-C device (an artificial spinal disc implant with an unapproved instrument set including the Trial Implant Holder, which is utilized to implant the Mobi-C Device. The implant process is a two-part process. There is a Trial Implant Holder, which is utilized for the first part of the implantation process as well as a subsequently used implant holder utilized for the second part of the implant process. DEFENDANTS' documents reveal that DEFENDANTS distributed the Trial Implant Holder with a stopping mechanism called a "depth stop" or a "stop" in 2009. This stopping mechanism was designed to protect the spinal cord of those undergoing surgery by preventing surgeons form pushing the device too far into the spinal cord during the implant process. Subsequently, the stopping mechanism, the sole mechanical protection on the Trial Implant Holder to ensure the spinal cord was not damaged or severed, was removed by DEFENDANTS leaving consumers such as SCOTT ALLEN MILLER at risk of permanent paralysis.

19. DEFENDANTS made the decision to not include a stopping mechanism on the Trial Implant Holder protecting the spinal cord of its consumers even though Risk Management documents reveal that DEFENDANTS knew the failure to include a stop.

20. At all times herein mentioned, DEFENDANTS ZIMMER US, INC.; ZIMMER BIOMET HOLDINGS, INC.; ZIMMER BIOMET SPINE, INC. (hereafter referred to as "Defendants") were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing,

;INSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

7

distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling a product known as the Mobi-C® Cervical Disc Prosthesis ("hereinafter Mobi-C") and its component parts, instruments, and constituents, for use by members of the general public, including Plaintiff SCOTT ALLEN MILLER and his healthcare providers, for the purpose of cervical intervertebral disc replacement for treatment of intractable radiculopathy (arm pain and/or a neurological deficit) with or without neck pain, or myelopathy due to abnormality localized to the level of the disc space and at least one of the following conditions confirmed by radiographic imaging (CT, MRI, X-rays): herniated nucleus pulposus, spondylosis (defined by the presence of osteophytes), and/or visible loss of disc height compared to adjacent levels could cause consumers to incur serious injuries or even "permanent impairment." In fact, the DEFENDANTS' Risk Management Report stated "[t]he individual risk has been evaluated vs. the overall benefit. It has been determined that the benefit outweighs the risk. The risk is acceptable." DEFENDANTS were well aware of the serious and permanent risk to consumers and DEFENDANTS failed to include a simple stopping mechanism because DEFENDANTS believed the risk was "acceptable" but as the injuries and death of SCOTT ALLEN MILLER reveals this was not an acceptable risk. DEFENDANTS made the decision to distribute a Trial Implant Holder without a stopping mechanism even though the subsequently utilized implant holder in the second part of the two-part implantation procedure had a stop revealing that this defective could have been easily and feasibly remedied. Defendants were aware the selling a Trial Implant Holder without a stopping mechanism to protect the spinal cord would result in permanent impairment and paralysis and Defendants willfully and deliberately failed to avoid these consequences by adding a stopping mechanism to the Trial Implant Holder. This

8

FILED DATE: 3/22/2023 2:49 PM    2023L066019

intentional, willful, and conscious disregard for the rights and safety of SCOTT ALLEN MILLER subjected SCOTT ALLEN MILLER to cruel and unjust hardship.

21.     Prior to sustaining injuries as a result of DEFENDANTS decision to not include a stopping mechanism on the Trial Implant Holder, SCOTT ALLEN MILLER was a devoted and loving husband and father serving his community. SCOTT ALLEN MILLER was an inspiration to his children, his wife and his positivity and guidance touched the lives of almost everyone he came in contact with.

22.     The Trial Implant Holder provided by Defendants in the Mobi-C instrument set was a dedicated instrument that was required to verify (trial) and select the appropriate size of the prosthesis. The implantation surgery is a two-part process. During the first part of the process the Trial Implant Holder is utilized and during the second part of the surgery a different implant holder is utilized. Unlike the implant holder utilized during the second part of the procedure that was provided in the same instrument set to hold, insert, and release the prosthesis, the Trial Implant Holder did not have a depth stop. This was despite the fact that internal corporate documents signed off by senior executives accompanied by a risk involving penetration of either the artificial disc itself, or one of the components or preparation instruments, outside the intended anatomy with potential compromise of the spinal cord causing, among other things, paralysis. And although Defendants included a depth stop in the implant holder as a design element to limit the penetration of the prosthesis to prevent compromising vital structures, such as the spinal cord, no such depth stop or other design element was included in the Trial Implant Holder to limit penetration of the spinal cord. Essential, DEFENDANTS made a decision to market and sell the Trial Implant Holder without the stop, which was the sole

ϽINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

FILED DATE: 3/22/2023 2:49 PM    2023L066019

mechanical stopping device to protect the spinal cords of consumers undergoing the disc replacement surgeries.

23.     During the surgery the evoked potentials were lost and upon being awoken SCOTT ALLEN MILLER confirmed he had "no movement in his legs."

24.     To be clear, the injuries sustained by SCOTT ALLEN MILLER, his profound pain and suffering is not and never will be an "acceptable" risk. Defendants' conduct was malicious as Defendants willful and consciously disregarded the safety of consumers such as SCOTT ALLEN MILLER by selling a Trial Implant Holder without a stopping mechanism when Defendants knew that doing so would probably result in permanent impairment and paralysis to consumers. The intentional decision to sell a Trial Implant Holder without a stopping mechanism thereby risking paralysis to those who trusted Defendants is despicable conduct that subjected SCOTT ALLEN MILLER to cruel and unjust hardship in a conscious disregard of the rights of SCOTT ALLEN MILLER.

25.     DEFENDANTS' senior management in design and risk management were aware that the failure to include a basic stop mechanism on the Trial Implant Holder would probably result in spinal cord injury in some consumers like SCOTT ALLEN MILLER, but DEFENDANTS' senior management in design and risk management willfully and deliberately failed to add a stop to prevent such injuries.

26.     The technology to add a stopping mechanism was available for at least 40 years and DEFENDANTS' competitors all recognized the risk of spinal cord injury and thus added stopping mechanisms on these competing Trial Implant Holders.

GINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

10

FILED DATE: 3/22/2023 2:49 PM    2023L066019

27.    There is no benefit to selling a Trial Implant Holder without a stopping mechanism. The failure to add a stop consciously disregarded the health and safety of patients like SCOTT ALLEN MILLER.

28.    ZIMMER BIOMET corporate representative Mr. Guillaume Quetier confirmed:

a.  Mr. Guillaume Quetier, the research and design manager, the person most qualified to speak to the design and safety of the trial implant holder, stated that the trial implant holder, at one time, had a stop.

b.  Mr. Quetier further stated that the adjustable stop was removed because the "the team of designing surgeons in France did not see any benefit, whatsoever, with the adjustable stop...and asked that it be removed from the system."

c.  There was nothing on the Trial Implant Holder to prevent the Trial Implant from hitting the spinal cord should the physician lose control for whatever reason during the procedure.

d.  There was no mechanical feature on the Trial Implant Holder to tell surgeons that the surgeons had reached the desired positioning of the device.

e.  It is DEFENDANTS obligation to provide the safest possible product for the intended use, and it is DEFENDANTS' job to provide a device that presents the least amount of risk for the intended use.

f.  DEFENDANTS were aware of the risk of paralysis.

g.  DEFENDANTS made the decision to not include a mechanical stop feature on the Trial Implant Holder.

h.  DEFENDANTS knew that the failure to include a stop on the Trial Implant Holder presented a risk that the Trial Implant Holder could damage the spinal cord.

i.  DEFENDANTS admit an additional mechanical stop would provide enough counter force on the anterior vertebral body to help further avoid a situation where the spinal cord is compromised.

j.  As distributed, there was no mechanical stop on the Trial Implant Holder to keep the Trial Implant Holder from going too far and causing injury to the spinal cord.

SINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

FILED DATE: 3/22/2023 2:49 PM    2023L066019

     k.  ZIMMER could have designed a Trial Implant Holder with a mechanical stop.

     l.  Even after SCOTT ALLEN MILLER was paralyzed DEFENDANTS have done nothing to improve the safety of the Trial Implant Holder and have not added a mechanical stop on the Trial Implant Holder.

29.    The reason one would design the trial implant holder with a mechanical stop would be to prevent the trial implant from going too far into the spinal cord canal and hitting the spinal cord and causing severe injury, like paralysis. Both Medtronic and Globus Medical manufacture trial implant holders with a mechanical stop.

30.    It was well known in the industry and well known to the defendants that the failure to have a mechanical stop on the trial implant holder would allow catastrophic injury to the spinal cord resulting in paralysis and/or death.

31.    Placing a mechanical stop on the trial implant holder was technologically feasible, inexpensive and would not inhibit the use of the device in any material way.

32.    The benefit of placing of mechanical stop on the trial implant holder far outweighed the burden. The risk of catastrophic injury to the spinal cord required a mechanical stop to prevent against foreseeable harm.

33.    The failure to have a mechanical stop on the Mobi-C trial implant holder was both unreasonable and defective.

## COUNT V

### NEGLIGENCE
### Scott Allen Miller v. Zimmer US Inc., Zimmer Biomet Spine, Inc., and Zimmer Biomet Holdings Inc.

ƒINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

34.    Plaintiffs refer to the above paragraphs and incorporate them into this cause of action as though fully set forth herein including paragraphs 1-14 and 15-30.

FILED DATE: 3/22/2023 2:49 PM    2023L066019

35.     At all times herein motioned all DEFENDANTS, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the Mobi-C was a product of such a nature that if it and its instruments and other constituent parts, including the unapproved Trial Implant Holder, were not properly manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended advertised, promoted, marketed and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used.

36.     At all times herein motioned all DEFENDANTS, and each of them, had a duty to exercise reasonable and prudent care in the development, testing, design, manufacture, inspection, marketing, labeling, promotion, distribution and sale of the Mobi-C and its instruments and other constituent parts, including the Trial Implant Holder, so as to avoid exposing others to foreseeable and unreasonable risks of harm.

37.     Plaintiffs are informed and believe, and upon such information and belief and upon research of publicly available information, allege that the unapproved Trial Implant Holder included in the Mobi-C instrument set was a Class I device not the subject of a premarket approval (PMA) application nor received premarket approval by the FDA.

38.     Plaintiffs are informed and believe, and upon such information and belief and upon research of publicly available information, allege that the Trial Implant Holder including in the Mobi-C instrument set is not an integral part of the Mobi-C device. The DEFENDANTS, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded; tested or failed to test, inspected or, failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended advertised,

iINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

13

FILED DATE: 3/22/2023 2:49 PM   2023L066019

promoted, marketed and sold the Trial Implant Holder included in the Mobi-C instrument set so that the unapproved Trial Implant Holder was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended by the DEFENDANTS, and each of them.

39.     The defective and dangerous character and condition of the Trial Implant Holder included in the Mobi-C instrument set, and that the Trial Implant Holder was unsafe for the use and purpose for which it was intended when used as recommended by the DEFENDANTS, was known to the DEFENDANTS, and each of them, or in the exercise of ordinary and reasonable care should have been known and discovered by DEFENDANTS, and each of them. Furthermore, the dangerous and defective character and condition of the Trial Implant Holder included in the Mobi-C instrument set was not made known to Plaintiffs by the DEFENDANTS, and each of them.

40.     At the time of manufacture and sale of the Mobi-C, all DEFENDANTS knew or should have known that using the Trial Implant Holder included in the Mobi-C instrument set in their intended use or in a reasonably foreseeable manner created a significant risk of a patient suffering severe health side effects, including, but not limited to, quadriplegia.

41.     At the time the Trial Implant Holder included in the Mobi-C instrument set was used during the surgical procedure upon Plaintiffs' Decedent SCOTT ALLEN MILLER's body, all DEFENDANTS knew or reasonably should have known that consumers of the Mobi-C would not realize the danger associated with using the Trial Implant Holder included in the device's instrument set in their intended use and/or in a reasonably foreseeable manner.

42.     On or about September 13, 2022, surgeon Dr. Harel Deutsch used the Trial Implant Holder and trial implants included in the Mobi-C instrument set during surgery to place

SINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

14

FILED DATE: 3/22/2023 2:49 PM   2023L066019

the Mobi-C disc in Plaintiffs' SCOTT ALLEN MILLER. As a result of the negligently designed Trial Implant Holder include in the Mobi-C instrument, Plaintiffs, as a proximate result of the said negligence and carelessness of the DEFENDANTS, and each of them, has been permanently injured in that he was rendered with "no movement in his legs" as a result of blunt trauma to the spinal cord caused by the negligent design of the Trial Implant Holder.

43.      All DEFENDANTS, and each of them, breached their duty to exercise reasonable and prudent care in the development, testing, design, manufacture, inspection, marketing, labeling, promotion, distribution, and sale of the Trial Implant Holder included in the Mobi-C instrument set in, among other ways, in the following acts and omissions:

    a. Designing and distributing the Trial Implant Holder which they knew or should have known that the likelihood and severity of potential harm from the product exceeded the burden of taking safety measures to reduce or avoid harm;

    b. Designing and distributing the Trial Implant Holder which they knew or should have known that the likelihood and severity of potential harm from the product exceeded the likelihood of potential harm from other instruments available for the same purpose;

    c. Failing to use reasonable care in manufacturing the Trial Implant Holder and producing a Trial Implant Holder product that differed from their design or specifications or from other typical units from the same production line;

    d. Failing to use reasonable care to warn or instruct, including pre- and post- sale, Plaintiffs, Plaintiff's physicians, or the general health care community about the Trial Implant Holder included in the Mobi-C instrument set's a substantially dangerous condition or about facts making the Trial Implant Holder likely to be dangerous;

    e. Failing to use reasonable and prudent care in the design, research, manufacture, and development of the Trial Implant Holder included in the Mobi-C instrument set so as to avoid the risk of serious harm associated with the use of said instrument;

    f. A reasonable manufacturer, distributor, seller or medical provider under the same or similar circumstances would not have engaged in the before mentioned acts and omission.

5INSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

15

44.     Prior to the subject incident, the officers, directors, employees and/or managing agents of Defendants knew, and/or should have known, that the Trial Implant Holder included in the Mobi-C instrument set was defective, substandard, and dangerous and would not provide reasonable safety to consumers during foreseeable use, causing the end users and consumers to suffer serious injury during foreseeable due and after the foreseeable use. Moreover, Defendants, including officers, directors, employees and/or managing agents, knew or should have known, that the Trial Implant Holder included in the Mobi-C instrument set was extremely dangerous and defective with the likely result of serious bodily injury to users and consumers. The officers, directors, employees and/or managing agents of Defendants knew of the availability of safer, affordable alternative designs and manufacturing processes for the production, warnings for the product, inspections, material disclosures, and distribution of the trial implant holder, which would have reduced or eliminated the risk of severe injuries to its consumers and users.

45.     Despite this knowledge, Defendants, by and through their officers, directors, employees and/or managing agents, acted in conscious disregard for the health and safety of others, when they failed to recall, warn, provide adequate warnings for specific dangers, disclosure of material facts, alter the design, alter its marketing, alter its manufacturing process, and otherwise protect consumers, issue safety bulletins to the public advise or warn purchasers or potential users or consumers, such as Plaintiffs' SCOTT ALLEN MILLER, by providing warnings of the severe and specific risks of injury from use of the trial implant holder. The officers, directors, employees and/or managing agents of Defendants were aware of the defects and dangers of trial implant holder, but failed to issue public safety bulletins, and/or provide adequate warnings, and/or disclose material facts, and/or mitigate the design, and instead sought to conceal and misrepresent the product through deceptive marketing tactics by, Defendants,

16

FILED DATE: 3/22/2023 2:49 PM    2023L066019

GINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

through the decisions of their officers, directors, employees and/or managing agents, acted in conscious disregard of the rights and safety of consumers and users, by failing to utilize available safer alternative materials, designs, adequately warn of the hazards, disclose and/or recall the Trial Implant Holder prior to the distribution and sale of the product.

46.     At all times mentioned herein, the officers, directors, and/or managing agents of Defendants authorized and/or ratified the conduct of their employees, who knew or should have known of the risk of harm to consumers and users resulting from the defective condition of the trial implant holder, designed and distributed by Defendants, and the need for an alternative design, full and complete warnings, disclosures, better manufacturing process, additional specific warnings.

47.     As a direct and proximate result of the said negligence and carelessness of all DEFENDANTS, and each of them, Plaintiff was made sick, sore, lame and disabled, and was caused to and did suffer and sustain permanent injuries. Plaintiff has suffered severe and excruciating pain and loss of normal life as a result of said injuries, negligence, and carelessness of the DEFENDANTS, and each of them. Plaintiff has suffered, and will continue to suffer, said pain and mental anguish as a result of said injuries.

48.     In the treatment of the aforesaid injuries, Plaintiff has incurred, is presently incurring, and will incur liability for the services of physicians, surgeons, nurses, hospital care, medicine, x-rays, and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time.

49.     As a direct and proximate result of the said negligence and carelessness of DEFENDANTS, and each of them, Plaintiffs has incurred, and will incur, loss of income,

17

FILED DATE: 3/22/2023 2:49 PM    2023L066019

wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses.

50.     In light of Defendants' conduct described above, Plaintiff is entitled to punitive damages against Defendants. To reiterate, DEFENDANTS classified the risk of "permanent impairment" as an "acceptable" risk and made the decisions to sell an unapproved Trial Implant Holder without a simple mechanical stop to protect the spinal cord of consumers.

WHEREFORE, the Plaintiffs SCOTT ALLEN MILLER prays for judgment against ZIMMER US INC., ZIMMER BIOMET SPINE INC, and ZIMMER BIOMET HOLDING INC. in an amount that is fair and reasonable in excess of $50,000.00, punitive damages (if allowed pursuant to 735 ILCS 5/2 604.1) for his costs expended herein and for such other relief as this Court deems just and proper under the circumstances.

## COUNT VI

### NEGLIGENT DESIGN
**Scott Allen Miller v. Zimmer US Inc., Zimmer Biomet Spine Inc, And Zimmer Biomet Holdings Inc.**

31.     Plaintiff SCOTT ALLEN MILLER realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 14 and 15 through 30 of this Complaint.

32.     The subject Trial Implant Holder included in the Mobi-C instrument set was designed, manufactured, distributed and/or sold by DEFENDANTS and DEFENDANTS had a duty to design, manufacture, distribute and/or sell the said product in a reasonably safe manner. DEFENDANTS knew or in the exercise of reasonable care should have known, the Trial Implant Holder included in the Mobi-C instrument set would be used without inspection for defects or dangers.

ϽINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

18

FILED DATE: 3/22/2023 2:49 PM    2023L066019

33.     DEFENDANTS breached their above-mentioned duties by negligently designing, manufacturing, distributing and/or selling, the subject Trial Implant Holder included in the Mobi-C instrument set, thereby rendering said product unsafe and dangerous for use by consumers, which proximately caused the injuries and damages to PLAINTIFF, as alleged herein.

34.     The Trial Implant Holder included in the instrument set of the Mobi-C device that was to be implanted in Plaintiff was defective in design because of the unacceptably high risk of the Trial Implant Holder causing the trial implant to advance beyond the posterior margin of the vertebral body and causing injury due to the absence of a stop mechanism on the trial implant holder.

35.     The Trial Implant Holder included in the instrument set of the Mobi-C device that was to be implanted in Plaintiff was defective in design, because, on information and belief, safer alternative designs existed.

36.     The Defendants are strictly liable for a design defect in the MOBI-C making the MOBI-C unreasonably dangerous based upon the expectation of an ordinary consumer or any analysis of MOBI-C's risk weighed against its utility.

37.     The design of the MOBI-C was unreasonably dangerous because the MOBI-C failed to perform as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. An ordinary consumer would expect that the Trial Implant Holder would have an adjustable stop to prevent the surgeon from hitting the spinal cord. The ordinary consumer of the MOBI-C was not aware that the Trial Implant Holder did not have an adjustable stop.

19

38.     The MOBI-C has a design defect as evidenced by the availability and feasibility of an alternate design at the time of manufacture *i.e.* the inclusion of an adjustable stop on the Trial Implant Holder to prevent the surgeon from hitting the spinal cord.

39.     The MOBI-C had a design defect because the design used by the Defendants did not conform to the design standards of the industry.

40.     The MOBI-C had a design defect because without an adjustable stop on the Trial Implant Holder it was likely that the surgeon would cause catastrophic injury to the spinal cord and the Defendants had the ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility. Other manufacturers of similar products meet the same needs as the MOBI-C and are not unsafe because on those devices the Trial Implant Holder has an adjustable stop. Scott Allen Miller was unaware that the Trial Impact Holder being used on him was without an adjustable stop.

41.     The Defendants through their management authorized the manufacturing and selling of the MOBI-C designed with the Trial Implant Holder not having an adjustable stop. The employees of the Defendant who authorized the manufacturer and sale of the MOBI-C with the Trial Implant Holder designed to not have an adjustable stop were managerial employees acting within the scope of their employment. The employees of the Defendant who were responsible for the manufacture and sale of the Trial Implant Holder designed to have no adjustable stop were unfit and the Defendants were reckless in employing them. The Defendants through its management or managerial employees ratified the manufacture and sale of the MOBI-C designed without the Trial Implant Holder having an adjustable stop.

42.     The Trial Implant Holder included in the instrument set of the Mobi-C that was to be implanted in Plaintiff was defective in design because, on information and belief, the cost of

20

an alternative design was less than the grave risk of releasing the product onto the market in the state it was released.

43.     As a direct and proximate result of DEFENDANTS' negligent conduct, including but not limited to, the defective design of the Trial Implant Holder included in the Mobi-C instrument set that was to be implanted in Plaintiff, Plaintiff has suffered and will continue to suffer serious physical injuries, economic loss, loss of enjoyment of life, ongoing fear and dread, disability, and other losses, in an amount to be determined at trial.

44.     The negligent design of the Trial Implant Holder included in the Mobi-C instrument set was a substantial factor in causing PLAINTIFF's harm.

45.     As a direct and proximate result of DEFENDANTS' negligent conduct, PLAINTIFF has sustained and will continue to sustain severe and permanent physical injuries, including "no movement in his legs," severe emotional distress, economic losses, and other damages for which he is entitled to compensatory and equitable damages in an amount to be proven at trial. DEFENDANTS are liable to PLAINTIFF jointly and/or severally for all general, special, and equitable relief to which PLAINTIFF is entitled by law.

WHEREFORE, the Plaintiff SCOTT ALLEN MILLER prays for judgment against ZIMMER US INC., ZIMMER BIOMET SPINE INC. and ZIMMER BIOMET HOLDINGS INC. in an amount that is fair and reasonable in excess of $50,000.00 punitive damages (if allowed pursuant to 735 ILCS 5/2 604.1) for his costs expended herein and for such other relief as this Court deems just and proper under the circumstances.

## COUNT VII

### RES IPSA LOQUITUR
**Scott Allen Miller v. Dr. Harel Deutsch, Dr. Anthony M. Alvarado, and Rush University Medical Center**

21

FILED DATE: 3/22/2023 2:49 PM    2023L066019

SINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

FILED DATE: 3/22/2023 2:49 PM    2023L066019

15.     Plaintiff SCOTT ALLEN MILLER realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 14 of this Complaint.

16.     Scott Allen Miller coming out of two level cervical disc replacement surgery on September 13, 2022 with paralysis from the neck down and no movement in the legs caused by injury to his spinal cord is an injury that ordinarily does not happen in the absence of negligence. Injury to the spinal cord occurred while the medical instruments and devices were in the control of Dr. Harel Deutsch and his assistant Dr. Anthony M. Alvarado.

17.     In the ordinary course of events, Miller's injury would not have occurred if Dr. Deutsch and Dr. Alvarado had used reasonable professional care while the medical instruments and devices were under his control.

18.     Scott Allen Miller's injuries identified upon emerging from surgery are an unusual, unexpected, and untoward medical result which ordinarily does not occur in the absence of negligence.

19.     Scott Allen Miller was injured by agency or instrumentally within Dr. Deutsch's and Dr. Alvarado's management and control. The probable cause of damaged to Scott Allen Miller's spinal cord is one which Dr. Deutsch and Dr. Alvarado was under a duty to Mr. Miller to anticipate or guard against.

20.     The cause of the injury to Mr. Miller's spinal cord is such that Dr. Deutsch and Dr. Alvarado would more likely than not be responsible for it. Dr. Deutsch and Dr. Alvarado were responsible for all reasonable causes to which the accident could be attributed.

21.     Scott Allen Miller was committed to the care of Dr. Deutsch and Dr. Alvarado and was under their care during the surgery. Whatever caused Scott Allen Miller's spinal cord

5INSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

22

injury during the surgery was under Dr. Deutsch's and Dr. Alvarado's control. Dr. Deutsch and Dr. Alvarado were responsible for all reasonable causes to which the injury could be attributed.

22.     Scott Allen Miller's spinal cord injury is one that does not occur absence negligence and all instrumentalities that could have caused the injury were in the control of Dr. Deutsch and Dr. Alvarado.

23.     Pursuant to section 2-622 of the Illinois Code of Civil Procedure, an Attorney Affidavit is attached hereto as Exhibit A. Specifically, pursuant to 735 ILCS 5/2-622 requests were made by Plaintiff and his attorney for examination and copying of the records pursuant to Part 20 of Artcile VIII of the Civil Practice Act (*See* Count X) (Exhibit B). Rush University Medical Center has failed to produce such records within 60 days of the receipt of the request. Therefore, the certificate and written report required by 735 ILCS 5/2-622(a)(1) shall be filed within 90 days following receipt of the requested records.

WHEREFORE, Plaintiff SCOTT ALLEN MILLER prays for judgment against Dr. Harel Deutsch and Dr. Anthony M. Alvarado in an amount that is fair and reasonable in excess of $50,000.00 for his costs expended herein and for such other relief as this Court deems just and proper under the circumstances.

## COUNT VIII

### WILLFULL AND WANTON
### Scott Allen Miller v. Dr. Harel Deutsch

15.     Plaintiff SCOTT ALLEN MILLER realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 14 of this Complaint.

16.     The standard of care for a reasonably well qualified neurosurgeon is that when preparing a surgical report the surgeon shall include all material facts.

23

FILED DATE: 3/22/2023 2:49 PM    2023L066019

17.     When Dr. Deutsch prepared his surgical report for Scott Allen Miller's September 13, 2022 surgery, he did not include all material facts. Specifically, Dr. Deutsch knew or should have known at the time he prepared his surgical report why Scott Allen Miller had no movement in his legs.

18.     Scott Allen Miller as a proximate cause of Dr. Deutsch's failure to place all material facts in his surgical report has been forced to sums yet to be determined to establish why he had no movement in his legs.

19.     Dr. Harel Deutsch's failure to include all material facts in his surgical report was willful and wanton and violated his duty to his patient Scott Allen Miller.

WHEREFORE, Plaintiff, SCOTT ALLEN MILLER, demands judgment against Defendant, HAREL DEUTSCH, M.D., for a sum in excess of the jurisdictional amount.

## COUNT IX

### NEGLIGENT RETENTION
### Scott Allen Miller v. Rush University Medical Center

15.     Plaintiff SCOTT ALLEN MILLER realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 14 of this Complaint.

16.     Rush University Medical Center has employed Dr. Harel Deutsch since 2003.

17.     Prior to September 13, 2022, Rush University Medical Center knew or should have known that Dr. Harel Deutsch was unfit as a surgeon such as to create a danger of harm to third persons like Scott Allen Miller. Immediately after Scott Allen Miller's spine surgery, an employee of Defendant Rush University Medical Center informed Plaintiffs that prior to the surgery Dr. Deutsch had caused a spinal cord injury to multiple of his other patients. Additionally, Dr. Harel Deutsch performed surgery on Alfonse Mora on February 13, 2020, and negligently caused permanent urinary retention in Alfonse Mora.

5INSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

24

FILED DATE: 3/22/2023 2:49 PM    2023L066019

18.    Specifically, prior to September 13, 2022, Rush University Medical Center knew or should have known that during surgery Dr. Harel Deutsch caused an alarming large number of spinal cord injuries to his patients.

19.    Dr. Harel Deutsch's unfitness as a surgeon was known or should have been known at the time of Dr. Harel Deutsch's retention.

20.    Dr. Harel Deutsch's unfitness as a surgeon proximately caused the injury to Scott Allen Miller's spinal cord.

WHEREFORE, Plaintiff, SCOTT ALLEN MILLER, demands judgment against Defendant, RUSH UNIVERISTY MEDICAL CENTER, for a sum in excess of the jurisdictional limit.

## COUNT X

**(VIOLATION OF 735 ILCS 5/8 – 2001)**
**Scott Allen Miller v. Rush University Medical Center**

15.    Plaintiff on September 20, 2022, and Plaintiff's counsel on October 26, 2022, and on November 4, 2022 made a written request from Defendant Rush University Medical Center for all of Plaintiff's medical records. (**Exhibit B**) Said requests were delivered to the administrator or manager of such health care facility. No correspondence was received from Rush University Medical Center within 30 days providing a written statement of the reasons for a delay in production of all the records or a date by which the requested information will be provided. Nor did Rush University Medical Center provide all the records within 60 days after receiving the requests.

FILED DATE: 3/22/2023 2:49 PM   2023L066019

16.    Failure of Rush University Medical Center to provide all of the requested records makes Rush University Medical Center liable for Plaintiff's expenses and reasonable attorney's fees incurred by enforcement of said statute.

WHEREFORE, Plaintiff, SCOTT A. MILLER, demands to be reimbursed for all of Plaintiff's expenses and reasonable attorney's fees incurred as a result of Defendant, RUSH UNVIERSITY MEDICAL CENTER, delaying the production of medical and billing records.

Dated: <u>March 22, 2023</u>                Respectfully Submitted by,

                                            SINSON LAW GROUP

                                            _____
                                            Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (Attorney No. 49089)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Facsimile

SINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

26

FILED DATE: 3/22/2023 2:49 PM   2023L066019

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## DISTRICT 6 – MARKHAM – LAW DIVISION

|  |  |
|---|---|
| SCOTT ALLEN MILLER and TINA MILLER<br><br>Plaintiffs,<br><br>v.<br><br>RUSH UNIVERSITY MEDICAL CENTER, DR. HAREL DEUTSCH, DR. ANTHONY M. ALVARADO, ZIMMER US, INC., ZIMMER BIOMET SPINE, INC., and ZIMMER BIOMET HOLDINGS, INC.<br><br><br>Defendants. | Case No. |

### AFFIDAVIT PER SUPREME COURT RULE 222

I, Kent D. Sinson, being first duly sworn on oath, depose and state as follows:

1.     That your affiant is one of the attorneys representing the Plaintiff in the instant lawsuit.

2.     That pursuant to Supreme Court Rule 222 (b), the total of money damages sought exceeds $50,000.00.

Further affiant sayeth not.

SINSON LAW GROUP

_____
Kent D. Sinson

SUBSCRIBED AND SWORN
to before me this 22nd day of March
2023.

_____
NOTARY PUBLIC

JENIFER FRANCO
Official Seal
Notary Public - State of Illinois
My Commission Expires Jan 20, 2024

SINSON LAW GROUP
ATTORNEYS AT LAW
CHICAGO

Kent D. Sinson (Attorney No: 49089)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle St., Suite 1100
Chicago, IL 60602
(312) 332-2107 / Phone
(312) 332-4508 / Facsimile

FILED
3/22/2023 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
21978026

FILED DATE: 3/22/2023 2:49 PM   2023L066019

# EXHIBIT A

**Complaint at Law**

FILED DATE: 3/22/2023 2:49 PM   2023L066019

## AFFIDAVIT OF KENT SINSON

Now comes the Affiant, Kent D. Sinson, after being duly sworn under oath, states as follows:

1.     That I am the attorney for the Plaintiffs.

2.     Specifically, pursuant to 735 ILCS 5/2-622 requests were made by Plaintiff and his attorneys for examination and copying of the records pursuant to Part 20 of Article VIII of the Civil Practice Act (see Count X) (Exhibit B). Rush University Medical Center has failed to produce such records within 60 days of the receipt of the request. Therefore, the certificate and written report required by 735 ILCS 5/2-622(a)(1) shall be filed within 90 days following receipt of the requested records.

3.     I further certify pursuant to Illinois Supreme Court Rule 222(b) that Plaintiff seeks money damages in excess of $50,000.00

_____
Kent D. Sinson

Subscribed and sworn to
before me this ___22___ day
of ___March___, 2023.

_____
Notary Public

JENIFER FRANCO
Official Seal
Notary Public - State of Illinois
My Commission Expires Jan 20, 2024

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 5/23/2023 9:00 AM

FILED
3/22/2023 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
21978026

# EXHIBIT B

### Complaint at Law

FILED DATE: 3/22/2023 2:49 PM   2023L066019

## CERTIFICATE OF SERVICE

To:    Rush University Medical Center
ATTN: Health Information Management Office
1611 W Harrison, St, Suite 001
Chicago, IL 60612

I, the undersigned, affirm that on ___11/4/2022___ I served the following documents in person via hand delivery to above-mentioned.

1. Preservation letter.
2. Rush Authorization for Release of Patient Health Information for Scott Allen Miller, DOB 7/26/1971 (2 pages)
3. Definitions and Rider to Medical Records Request (2 pages)
4. HITECH Health Information Request (2 pages)

Under Penalties as provided by law pursuant to 735 ILCS 5/109, I certify that the statements set forth herein are true and correct.

/s/ _____

Kamil Przebieracz
Groszek Law Firm

Atty. No. 41712
Groszek Law Firm
3601 N. Pulaski Rd.
Chicago, IL 60641
Fax/phone 773-267-6100
info@groszeklaw.com

DocuSign Envelope ID: D353AAE2-B264-472B-9B1A-955EBD0760F7

FILED DATE: 3/22/2023 2:49 PM    2023L066019

(For Official Use Only)



**AUTHORIZATION FOR RELEASE OF PATIENT HEALTH INFORMATION**

Authorization for Release of Patient
Health Information

IDN13151000

PATIENT NAME ___Scott Allen Miller___

DATE OF BIRTH ___7-26-71___

MEDICAL RECORD # _____

**INSTRUCTIONS:** This authorization is made by you for the release of your healthcare information, as indicated. Please address questions about this form to: Rush University Medical Center, ATTN: Health Information Management Office, 1611 West Harrison Street, L1, Suite 001, Chicago, IL 60612, Telephone: (312) 942-7262, Fax: (312) 942-2264.

**FORM MUST BE COMPLETED IN ITS ENTIRETY.**

**PATIENT INFORMATION:**

Patient Name ___Miller, Scott A___  Maiden Name _____  Birthdate _7_/_26_/_22_  Phone # _219-293-1861_
      Last Name, First Name, Middle Initial

Address ___6624 Joseph Avenue___  City ___Portage___  State _IN_ Zip _46368_

**MEDICAL INFORMATION REQUESTED FROM: (Check box or fill in information)**

☒ Rush University Medical Center   ☐ Rush Oak Park Hospital

Individual or Organization's Name: _Dr. Harel Deutsch (surgeon)_  Phone # _312-942-6644_

Address _1725 W. Harrison  Ste 855_  City ___Chicago___  State _IL_  Zip _60612_  FAX # _____

**RELEASE REQUESTED MEDICAL INFORMATION TO: (Requestor may be billed unless it is a medical office for continuation of care)**

☐ Check box if same as patient information above

Individual or Organization's Name: _Tina and/or Steven Miller (wife and brother)_  Phone # _219-293-1861_

Address _6624 Joseph Avenue_  City ___Portage___  State _IN_ Zip _46368_  FAX # _____

**PURPOSE:**

☐ Continuation of Care   ☒ For Personal Records   ☐ Insurance   ☐ Legal   ☐ Other (specify): _____

**DATES: From** _09_/_01_/_22_  **To** ___/___/___ current and ongoing.

**DEPARTMENT/FACILITY TO RELEASE RECORDS:** (ELECTRONIC FORM)

| TYPE OF VISIT | | |
|---|---|---|
| ☐ Inpatient | ☐ Outpatient/Clinic: | Dr./Dept. _____ |
| ☐ Emergency Room | | Location _____ |
| ☒ Other _Surgery and ICU_ | | Dr./Dept. _____ |
| _____ | | Location _____ |
| _____ | | Dr./Dept. _____ |
| | | Location _____ |

**REQUESTED MEDICAL INFORMATION:** (ELECTRONIC FORM)

| STEP 1 OF 3 | STEP 2 OF 3 (IF NEEDED) | STEP 3 OF 3 (IF NEEDED) |
|---|---|---|
| ☐ Abstract Only | ☒ Billing Statement/Claim | ADDITIONAL INFORMATION TO BE RELEASED* |
| *(Most Recent: Discharge Summary, History & Physical, Office Notes, Operative Reports, Pathology Reports, Consults, EKGs, Radiology Reports, Laboratory Reports)* | ☒ Cardiac Testing Results/ EKG | PATIENT INITIAL AND DATE REQUIRED FOR EACH ITEM |
| | ☒ Consultations | |
| | ☒ Discharge Summary | ☐ Genetic Testing  Initial_____ Date_____ |
| | ☐ Emergency Record | |
| | ☒ EMG/EEG Reports | ☒ Drug/Alcohol  Initial_____ Date_____ |
| | ☐ History and Physical | |
| | ☐ Immunization Records | ☒ HIV  Initial_____ Date_____ |
| ☒ Entire Medical Record | ☒ Lab Reports | |
| | ☐ Mammography | ☒ Mental Health/ Developmental Disability  Initial_____ Date_____ |
| ☒ Other; Or in addition to Abstract, select in Step 2 |   ☐ Films | |
| |   ☐ Reports | *Witness signature required on page 2 |
| | ☒ Operative Reports | |
| | ☒ Pathology Reports | |
| | ☒ Physician Office Record | |
| | ☐ Progress Notes | |
| | ☒ Radiology | |
| |   ☒ Images | |
| |   ☒ Reports | |
| | ☒ Other, please specify: | |
| | _videos, audio, electronic records of any kind._ | |
| | _every record available._ | |

MR FORM 1928  (04-01-15)

SM (DS)

PAGE 1 OF 2

DocuSign Envelope ID: D353AAE2-B264-472B-9B1A-955EBD0760F7

FILED DATE: 3/22/2023 2:49 PM   2023L066019

| (For Official Use Only) | |
|---|---|

**✿ RUSH**

**AUTHORIZATION FOR RELEASE OF
PATIENT HEALTH INFORMATION**

PATIENT NAME ___Scott Allen Miller___

DATE OF BIRTH ___7-26-1971___

MEDICAL RECORD # _____

**PLEASE READ THE FOLLOWING STATEMENTS CAREFULLY:**

This authorization is voluntary. Rush will not condition your treatment on giving this authorization. However, Rush may condition the provision of research-related treatment on the provision of an authorization.

I understand that I may change my mind and revoke this authorization at any time by giving written notice of my revocation to the contact office listed above. I understand that revocation of this authorization will not affect action Rush took in reliance on this authorization before Rush received my written notice of revocation.

I authorize the use and/or disclosure of my Protected Health Information (PHI) as described above. I understand that this authorization is voluntary and made to confirm my decision so Rush may use and/or disclose my PHI for a specific purpose. I understand that if the persons or organizations I authorized above to receive and/or use the PHI described above are not subject to federal health information privacy laws, they may further disclose the PHI and it may no longer be protected by federal health information privacy laws. I understand that I have a right to inspect and copy the information to be disclosed pursuant to this authorization and that I may obtain a copy of the information by contacting the office listed above.

I have had full opportunity to read and consider the contents of this authorization, and I confirm that the contents are consistent with my direction to Rush. I understand that, by signing this form, I am confirming my authorization that Rush may use and/or disclose to the persons and/or organizations named in this form the PHI described in this form.

**EFFECTIVE: This authorization request does not apply to any treatment dates beyond the date of signature. You may choose to provide an event (related to you or the purpose of the use/disclosure) upon which your authorization will expire, unless mental health records are requested. Otherwise, this authorization will expire ninety (90) calendar days after the date of signature.**

REQUEST IS SPECIFICALLY MADE FOR RECORDS IN ELECTRONIC FORM

_____

_____

**PATIENT/PERSONAL REPRESENTATIVE'S SIGNATURE:**

DocuSigned by:

_Scott M_____     Date: ___9-19-22___
Signature of Patient or Personal Representative  - Scott Miller

DocuSigned by:

_Tina Miller_____     Phone # ___219-742-2315___
If signed by other than patient: PRINT representative name

Signed by wife and patient
Tina Miller
If signed by other than patient: State relationship to patient

*(Signature of a witness who has verified the patient/personal representative's identity is required for mental health/developmental disability, genetic testing, HIV, and drug/alcohol records. Additionally, signature of <u>patient</u> is required for mental health records if over the age of 12 and under the age of 18.)

DocuSigned by:

_Tina Miller_____     Date: ___9-19-22___
Witness signature

Steve Miller     Phone # ___1219-293-1861___
PRINT Witness name

Brother
State relationship to patient

MR FORM 1928  (04-01-15)                                    PAGE 2 OF 2

FILED DATE: 3/22/2023 2:49 PM   2023L066019

(For Official Use Only)

**⟁ RUSH**

## AUTHORIZATION FOR RELEASE OF PATIENT HEALTH INFORMATION

Authorization for Release of Patient Health Information

PATIENT NAME _____

DATE OF BIRTH _____

MEDICAL RECORD # _____

IDN13151000

**INSTRUCTIONS:** The authorization is made by you for the release of your healthcare information, as indicated. Please address questions about this form to: Rush University Medical Center, ATTN: Health Information Management Office, 1611 West Harrison Street, L1, Suite 001, Chicago, IL 60612, Telephone: (312) 942-7262, Fax: (312) 942-2264.

**FORM MUST BE COMPLETED IN ITS ENTIRETY.**

**PATIENT INFORMATION:**

Patient Name _Miller   Scott A_   Maiden Name _____   Birthdate _7/26/71_ Phone # _219-742-2215_
  Last Name, First Name, Middle Initial

Address _6624 Joseph Ave_ _____ City _Portage_ State _IN_ Zip _46368_

**MEDICAL INFORMATION REQUESTED FROM: (Check box or fill in information)**

☒ Rush University Medical Center    ☐ Rush Oak Park Hospital

Individual or Organization's Name: _____ Phone #_____

Address _____ City _____ State ___ Zip _____ FAX #_____

**RELEASE REQUESTED MEDICAL INFORMATION TO: (Requestor may be billed unless it is a medical office for continuation of care)**

☐ Check box if same as patient information above

Individual or Organization's Name: _Tina Miller_ _____ Phone # _219-742_

Address _6624 Joseph Ave_ City _Portage_ State _IN_ Zip _46368_ FAX # _2315_

**PURPOSE:**

☐ Continuation of Care   ☒ For Personal Records   ☐ Insurance   ☐ Legal   ☐ Other (specify): _____

DATES: From _9/13/22_ To _9/19/22_ (See "Effective" paragraph on Page 2)

**DEPARTMENT/FACILITY TO RELEASE RECORDS:**

| TYPE OF VISIT | | |
|---|---|---|
| ☐ Inpatient | ☐ Outpatient/Clinic: | Dr./Dept. _Herr Deutsch_ |
| ☐ Emergency Room | | Location _Rush Med Hosp._ |
| ☒ Other _SURGERY_ | | Dr./Dept. _____ |
| | | Location _____ |
| | | Dr./Dept. _____ |
| | | Location _____ |

**REQUESTED MEDICAL INFORMATION:**

| STEP 1 OF 3 | STEP 2 OF 3 (IF NEEDED) | | STEP 3 OF 3 (IF NEEDED) | | |
|---|---|---|---|---|---|
| ☒ Abstract Only *(Most Recent: Discharge Summary, History & Physical, Office Notes, Operative Reports, Pathology Reports, Consults, EKGs, Radiology Reports, Laboratory Reports)* | ☐ Billing Statement/Claim  ☐ Cardiac Testing Results/ EKG  ☐ Consultations  ☐ Discharge Summary  ☐ Emergency Record  ☐ EMG/EEG Reports  ☐ History and Physical  ☐ Immunization Records  ☐ Lab Reports  ☐ Mammography    ☐ Films    ☐ Reports | ☐ Operative Reports  ☐ Pathology Reports  ☐ Physician Office Record  ☐ Progress Notes  ☐ Radiology    ☐ Images    ☐ Reports  ☐ Other, please specify: _Surgery Film and Audio_ | **ADDITIONAL INFORMATION TO BE RELEASED\*** PATIENT INITIAL AND DATE REQUIRED FOR EACH ITEM | | |
| | | | ☐ Genetic Testing | Initial____ | Date____ |
| | | | ☐ Drug/Alcohol | Initial____ | Date____ |
| | | | ☐ HIV | Initial____ | Date____ |
| ☒ Entire Medical Record | | | ☐ Mental Health/ Developmental Disability | Initial____ | Date____ |
| ☐ Other: Or in addition to Abstract, select in Step 2 | | | \*Witness signature required on page 2 | | |

MR FORM 1928 (03-28-22)

PAGE 1 OF 2

FILED DATE: 3/22/2023 2:49 PM   2023L066019

**12:33**





Steve ›

Mon, Sep 19 at 12:29 PM

Do you have numbers of the Dr that you wanted us to look into

12:29 PM



Dr. Allison Marie Blood
Nurse practitioner

◆ Directions

Address: 912 S Wood St, Chicago, IL 60612 · ~28.8 mi

Phone: (312) 996-7206

Address: 912 S Wood St, Chicago, IL 6...

Specializations: Nurse Practitioner

73°F, Mostly sunny

X1 Ca

12:34 PM

  Text Message 

      

FILED DATE: 3/22/2023 2:49 PM 2023L066019

12:34

‹ 27

SM

Steve ›



SPECIALTIES & SERVICES

hospital.uillinois.edu/find-a-doctor/sergey-neckrysh

- Spinal Cord Tumors
- Trauma
- Vascular Malformations

LOCATION

Outpatient Care Center, Suite 4E
1801 W. Taylor St.
Chicago, IL 60612
312.355.0510

EDUCATION

Master of Science: Sechenov School of Medicine in Moscow

Residency: University of Illinois Medical Center at C

12:36 PM

Did you see my docusign? — 12:36 PM

Did Tina? — 12:36 PM

Yes got it — 12:36 PM

Text Message

      

FILED DATE: 3/22/2023 2:49 PM   2023L066019

**12:34**

< 27   **SM**

**Steve** >

Yes got it
12:36 P



12:36 P

We're filling put this
12:36 P

We signed and sent
12:37 P

Perfect
12:51 P

Is there a page2 on yours ?
12:51 P

Text Message

FILED DATE: 3/22/2023 2:49 PM 2023L066019

12:35




SM

Steve

They may claim yours is confusing because abstract only is checkmarked.

12:52 PM

Does your brother have a power of attorney for Tina to make decisions? I can send one

12:53 PM

She got the medical records waiting on the cd. They will not give us any video or auto

1:18 PM

Ok

1:20 PM

Please send them over.

1:20 PM

If you've got the operative report to text over- that would be

1:30 PM

  Text Message 

      

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, P - 0207

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - N o t Served | 2221 - N o t Served 2321 - |
| 2320 - Served By Mail | Served By Mail |
| 2420 - Served By Publication | 2421 - Served By |
| Publication Summons - Alias Summons | (08/01/18) CCG 0001 A |

FILED DATE: 3/27/2023 2:20 PM  2023L066019

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
3/27/2023 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
22035052

SCOTT ALLEN MILLER and TINA MILLER

v.

(Name all parties)

RUSH UNIVERSITY MEDICAL CENTER, DR. HAREL DEUTSCH, DR. ANTHONY M. ALVARADO, ZIMMER US, INC., ZIMMER BIOMET SPINE, INC., and ZIMMER BIOMET HOLDINGS, INC.

Case No. <u>2023L066019</u>

✓ SUMMONS      ALIAS SUMMONS

## Rush University Medical Center
### 1700 W. Van Buren St., Suite 301
To each Defendant: **Chicago, IL 60612**

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the Internet. Please this process. Kiosks with Internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

**To the Officer**:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3



Summons - Alias Summons                                    (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need ·additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp, or talk with your local circuit clerk's office.**

3/27/2023 2:20 PM IRIS Y. MARTINEZ

Atty. No.: __49089__

Witness: _____

Atty Name: __Kent D. Sinson / Sinson Law Group__

Atty. for: __Plaintiff__

_____

Address: __100 N. LaSalle Street, Suite 1100__

IRIS MARTINEZ, Clerk of Court

City: __Chicago__

Date of Service:

State: __Illinois__   Zip: __60602__

(fo be inserted by officer on copy left with Defendant or other person):

Telephone: __(312) 332-2107__

Primary Email: __kent@sinsonlawgroup.com__

American LegalNet, Inc.
www.FormsWorkFlow.com

FILED DATE: 3/27/2023 2:20 PM   2023L066019

FILED DATE: 3/27/2023 2:20 PM   2023L066019

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, P - 0207

FILED DATE: 3/27/2023 2:20 PM  2023L066019

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - N o t Served | 2221 - N o t Served 2321 - | |
| 2320 - Served By Mail | Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By | |

Publication Summons - Alias Summons        (08/01/18) CCG N006

FILED
3/27/2023 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
22035052

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SCOTT ALLEN MILLER and TINA MILLER

v.

(Name all parties)

RUSH UNIVERSITY MEDICAL CENTER, DR. HAREL
DEUTSCH, DR. ANTHONY M. ALVARADO, ZIMMER
US, INC., ZIMMER BIOMET SPINE, INC., and
ZIMMER BIOMET HOLDINGS, INC.

Case No. _2023L066019_

✓ SUMMONS        ALIAS SUMMONS

To each Defendant:

**Dr. Harel Deutsch**
1520 W Harrison St., 6th Floor
Chicago, IL 60607

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the Internet. Please this process. Kiosks with Internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

**To the Officer**:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3



Summons - Alias Summons (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need ·additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: __49089__

Atty Name: __Kent D. Sinson / Sinson Law Group__

Atty. for: __Plaintiff__

Address: __100 N. LaSalle Street, Suite 1100__

City: __Chicago__

State: __Illinois__    Zip: __60602__

Telephone: __(312) 332-2107__

Primary Email: __kent@sinsonlawgroup.com__

3/27/2023 2:20 PM IRIS Y. MARTINEZ

Witness: _____

IRIS MARTINEZ, Clerk of Court

Date of Service:
(to be inserted by officer on copy left with Defendant or other person):

FILED DATE: 3/27/2023 2:20 PM   2023L066019

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois

cookcountyclerkofcourt.org

Page 2 of 3

American LegalNet, Inc.
www.FormsWorkFlow.com

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS**

FILED DATE: 3/27/2023 2:20 PM   2023L066019

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm



FILED DATE: 3/27/2023 2:20 PM   2023L066019

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - N o t Served | 2221 - N o t Served 2321 - |
| 2320 - Served By Mail | Served By Mail |
| 2420 - Served By Publication | 2421 - Served By |
| Publication Summons - Alias Summons | (08/01/18) CCG 0001 A |

**I N T H E   C I R C U I T   C O U R T   O F   C O O K   C O U N T Y,   I L L I N O I S**

FILED
3/27/2023 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
22035052

SCOTT ALLEN MILLER and TINA MILLER

v.

(Name all parties)

RUSH UNIVERSITY MEDICAL CENTER, DR. HAREL DEUTSCH, DR. ANTHONY M. ALVARADO, ZIMMER US, INC., ZIMMER BIOMET SPINE, INC., and ZIMMER BIOMET HOLDINGS, INC.

Case No. <u>2023L066019</u>

✓ SUMMONS      ALIAS SUMMONS

**Dr. Anthony Alvarado**
1520 W. Harrison St., 6th Floor
Chicago, IL 60607

To each Defendant:

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the Internet. Please this process. Kiosks with Internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

**To the Officer**:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois

cookcountyclerkofcourt.org


American LegalNet, Inc.
www.FormsWorkFlow.com

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider. If you need ·additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp, or talk with your local circuit clerk's office.**

3/27/2023 2:20 PM IRIS Y. MARTINEZ

Atty. No.: __49089__

Witness: _____

Atty Name: __Kent D. Sinson / Sinson Law Group__

Atty. for: __Plaintiff__

_____

Address: __100 N. LaSalle Street, Suite 1100__

IRIS MARTINEZ, Clerk of Court

City: __Chicago__

Date of Service:
(to be inserted by officer on copy left with
Defendant or other person):

State: __Illinois__     Zip: __60602__

Telephone: __(312) 332-2107__

Primary Email: __kent@sinsonlawgroup.com__

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

American LegalNet, Inc.
www.FormsWorkFlow.com

FILED DATE: 3/27/2023 2:20 PM   2023L066019

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 3/27/2023 2:20 PM   2023L066019

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, P - 0207

FILED DATE: 3/27/2023 2:20 PM   2023L066019

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - N o t Served | 2221 - N o t Served 2321 - |
| 2320 - Served By Mail | Served By Mail |
| 2420 - Served By Publication | 2421 - Served By |

Publication Summons - Alias Summons          (08/01/18) CCG 0001 A

## I N T H E C I R C U I T C O U R T O F C O O K C O U N T Y, I L L I N O I S

SCOTT ALLEN MILLER and TINA MILLER

v.

(Name all parties)

RUSH UNIVERSITY MEDICAL CENTER, DR. HAREL
DEUTSCH, DR. ANTHONY M. ALVARADO, ZIMMER
US, INC., ZIMMER BIOMET SPINE, INC., and
ZIMMER BIOMET HOLDINGS, INC.

Case No. <u>2023L066019</u>

FILED
3/27/2023 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
22035052

✓ SUMMONS          ALIAS SUMMONS

## Zimmer US, Inc.
### Corporate Headquarters
To each Defendant: ### 1800 W. Center St.
### Warsaw, IN 46580

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the Internet. Please this process. Kiosks with Internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

**To the Officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
<u>cookcountyclerkofcourt.org</u>



Summons - Alias Summons                                    (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider. If you need ·additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp, or talk with your local circuit clerk's office.**

3/27/2023 2:20 PM IRIS Y. MARTINEZ

Atty. No.: __49089__

Witness: _____

Atty Name: __Kent D. Sinson / Sinson Law Group__

Atty. for: __Plaintiff__

IRIS MARTINEZ, Clerk of Court

Address: __100 N. LaSalle Street, Suite 1100__

City: __Chicago__

Date of Service:
(to be inserted by officer on copy left with

State: __Illinois__     Zip: __60602__

Defendant or other person):

Telephone: __(312) 332-2107__

Primary Email: __kent@sinsonlawgroup.com__

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois

cookcountyclerkofcourt.org

Page 2 of 3

American LegalNet, Inc.
www.FormsWorkFlow.com

FILED DATE: 3/27/2023 2:20 PM   2023L066019

FILED DATE: 3/27/2023 2:20 PM   2023L066019

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, P - 0207

FILED DATE: 3/27/2023 2:20 PM   2023L066019

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - N o t Served | 2221 - N o t Served 2321 - |
| 2320 - Served By Mail | Served By Mail |
| 2420 - Served By Publication | 2421 - Served By |
| Publication Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SCOTT ALLEN MILLER and TINA MILLER

v.

(Name all parties)

RUSH UNIVERSITY MEDICAL CENTER, DR. HAREL DEUTSCH, DR. ANTHONY M. ALVARADO, ZIMMER US, INC., ZIMMER BIOMET SPINE, INC., and ZIMMER BIOMET HOLDINGS, INC.

Case No. __2023L066019__

FILED
3/27/2023 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
22035052

✓ SUMMONS     ALIAS SUMMONS

**Zimmer Biomet Spine, Inc.**
Corporate Headquarters
1800 W. Center St.
Warsaw, IN 46580

To each Defendant:

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the Internet. Please this process. Kiosks with Internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

**To the Officer**:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3



Summons - Alias Summons                                     (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need ·additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp, or talk with your local circuit clerk's office.**

FILED DATE: 3/27/2023 2:20 PM  2023L066019

Atty. No.: ___49089_____

3/27/2023 2:20 PM IRIS Y. MARTINEZ

Witness: _____

Atty Name: Kent D. Sinson / Sinson Law Group

Atty. for: Plaintiff

Address: 100 N. LaSalle Street, Suite 1100

_____

IRIS MARTINEZ, Clerk of Court

City: Chicago

Date of Service:

State: Illinois       Zip: 60602

(to be inserted by officer on copy left with Defendant or other person):

Telephone: (312) 332-2107

Primary Email: kent@sinsonlawgroup.com

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois

cookcountyclerkofcourt.org

American LegalNet, Inc.
www.FormsWorkFlow.com

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS**

FILED DATE: 3/27/2023 2:20 PM    2023L066019

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, P - 0207

FILED DATE: 3/27/2023 2:20 PM   2023L066019

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - N o t Served | 2221 - N o t Served 2321 - |
| 2320 - Served  By  Mail | Served By  Mail |
| 2420 - Served By  Publication | 2421 - Served By |
| Publication Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
3/27/2023 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L066019
Calendar, P - 0207
22035052

SCOTT ALLEN MILLER and TINA MILLER

v.

(Name all parties)

RUSH UNIVERSITY MEDICAL CENTER, DR. HAREL
DEUTSCH, DR. ANTHONY M. ALVARADO, ZIMMER
US, INC., ZIMMER BIOMET SPINE, INC., and
ZIMMER BIOMET HOLDINGS, INC.

Case No. <u>2023L066019</u>

✓SUMMONS          ALIAS SUMMONS

**Zimmer Biomet Holdings, Inc.**
Corporate Headquarters
1800 W. Center St.
Warsaw, IN 46580

To each Defendant:

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service.  To file your answer or appearance you need access to the Internet.  Please this process.  Kiosks with Internet access are available at all Clerk's Office locations.  Please refer to the last page of this document for location information.

If  you fail to do so, a judgment by  default may  be entered against you  for the relief requested in the complaint.

**To the Officer**:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
[cookcountyclerkofcourt.org](cookcountyclerkofcourt.org)

Page 1 of 3



Summons - Alias Summons                                    (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider. If you need ·additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp, or talk with your local circuit clerk's office.**

3/27/2023 2:20 PM IRIS Y. MARTINEZ

Atty. No.: __49089__

Witness: _____

Atty Name: __Kent D. Sinson / Sinson Law Group__

Atty. for: __Plaintiff__

_____

Address: __100 N. LaSalle Street, Suite 1100__

IRIS MARTINEZ, Clerk of Court

City: __Chicago__

Date of Service:

State: __Illinois__     Zip: __60602__

(to be inserted by officer on copy left with Defendant or other person):

Telephone: __(312) 332-2107__

Primary Email: __kent@sinsonlawgroup.com__

American LegalNet, Inc.
www.FormsWorkFlow.com

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS**

FILED DATE: 3/27/2023 2:20 PM   2023L066019

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

